## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

RICHARD H HARTMAN II,

       PLAINTIFF                              CIVIL ACTION:

V.

ZAKHEIM & LAVRAR, P.A.,

       DEFENDANT
_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff, Richard H Hartman II, by and through the undersigned counsel, and as the complaint against the Defendant(s), Zakheim & Lavrar, P.A. ("Zakheim"), and states as follow:

### INTRODUCTION

This action arises out of the facts and circumstances surrounding the collection of a consumer debt. Plaintiff, an individual, brings this claim for statutory damages and actual damages against the Defendant, as well as attorney fees and costs of litigation for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seg.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Title XXXIII, Chapter 559, Part VI, Florida Statutes ("FCCPA). These laws prevent debt collectors from inter alia, engaging in abusive, deceptive, and unfair collection practices.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692(k)(d), 28 U.S.C. § 1331, 1337.

2. Venue lies in this District pursuant to 28 U.S.C. § 1391(d).

## PARTIES

3.  Plaintiff is a natural person, residing in the city of Hudson, Pasco County, Florida.

4.  Defendant Zakheim is a Florida Corporation engaged in the business of collecting debts, with its principal place of business located at 1045 South University Drive, Suite 202, Plantation, FL 33324.

5.  Defendant Zakheim is engaged in the collection of consumer debts using the telephone, the US mail and all other means at its disposal.

6.  Defendant Zakheim regularly attempts to collect consumer debts alleged to be due to another.

7.  Defendant Zakheim is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## STATUTORY STRUCTURE FDCPA

8.  The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *See 15 U.S.C. § 1692.*

9.  Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. *See 15 U.S.C. § 1692a(3).*

10. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family or household purposes. *See 15 U.S.C. § 1692a(6).*

11. Under the FDCPA, a "debt collector" is any entity or person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. *See 15 U.S.C. § 1692a(6).*

12. Under the FDCPA, a debt collector must disclose in the initial and all subsequent communications with a consumer, that the communicator is a debt collector and is attempting to collect a debt. *See 15 U.S.C. § 1692e(11).*

13. Under the FDCPA, a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor or the attorney of the debt collector. *See 15 U.S.C. § 1692c(b).*

14. Any debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for actual damages sustained by such person as a result of such failure, as well as statutory damages up to $1,000, attorney's fees and the costs of litigation. *See 15 U.S.C. § 1692k.*

## STATUTORY STRUCTURE FCCPA

15. Under the FCCPA, it is unlawful to disclose to a person other than a debtor or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information. *See Section 559.72(5), Fla. Stat.*

16. Any debt collector who fails to comply with any provision of the FCCPA with respect to any person is liable to such person for actual damages sustained by such person as a result

of such failure, as well as statutory damages up to $1,000, attorney's fees and the costs of litigation. *See Section 559.77(2) Fla. Stat.*

## FACTS

17. Plaintiff is involved in a dispute with Discover Bank over an alleged credit card debt.

18. The alleged debt was incurred for the Plaintiff's personal, family and/or household purposes.

19. Defendant Zakheim was retained by Discover Bank as a debt collector to collect the alleged debt.

20. On or around April 15, 2011, Zakheim sent a collections letter to Plaintiff. See attached Exhibit "A".

21. The April 15, 2011 letter was the initial communication from Zakheim to Plaintiff.

22. The April 15, 2011 letter did not contain the phrase: "this is an attempt to collect a debt."

23. On April 21, 2011, at 5:13 P.M., a Zakheim representative called Plaintiff on the telephone at the telephone number 813-486-8287.

24. When the Zakheim representative called Plaintiff on April 21, 2011, Plaintiff did not answer the call.

25. The Zakheim representative that called Plaintiff on April 21, 2011 left a message on Plaintiff's telephone answering machine.

26. During the recorded message specified in Paragraph 25, Zakheim identified itself as a debt collector, and thereby disclosed the existence of the alleged debt.

27. The message left on Plaintiff's answering machine on April 21, 2011 by the Zakheim representative was unwittingly heard by a third party, Dawn Wurtenberg.

28. Dawn Wurtenberg is not related to the Plaintiff.

29. Dawn Wurtenberg did not have any legitimate need to be made aware of Plaintiff's alleged indebtedness.

30. Plaintiff never authorized Zakheim to communicate with a third party regarding Plaintiff's alleged debt.

31. Plaintiff's reputation was adversely affected by Zakheim's disclosure of the alleged debt.

## CAUSES OF ACTION
## COUNT I - VIOLATIONS OF THE FDCPA

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omission of Zakheim constitutes numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

34. As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT II - VIOLATIONS OF THE FCCPA

35. Zakheim disclosed Plaintiff's alleged indebtedness to a third party. Defendant knew or had reason to know that the third party did not have a legitimate need for that information.

36. As a result of the improper disclosure to a third party, Plaintiff's reputation has been adversely affected.

37. As a result of the Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to Section 559.77(2) Fla. Stat.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Honorable Court find in his favor and enter Judgment against the Defendant for the following:

1.   Statutory damages of $1,000, pursuant to FDCPA, 15 U.S.C. § 1692k.

2.   Statutory damages of $1,000 pursuant to FCCPA, Section 559.77(2) Fla. Stat.

3.   Actual damages, pursuant to FDCPA, 15 U.S.C. § 1692k and FCCPA, Section 559.77(2) Fla. Stat., in such amount as is proven at trial.

4.   Reasonable attorney's fees and costs of this action, pursuant to FDCPA, 15 U.S.C. § 1692k and FCCPA, Section 559.77(2) Fla. Stat.

5.   Such further relief that the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands trial by jury in this issue of all issues so triable.

Dated this _____7_____ day of March, 2012.

Respectfully Submitted:

Christie D. Arkovich, Esq.
Florida Bar No. 963690
Rashi Arya-Blankenship, Esq.
Florida Bar No. 0083997
CHRISTIE D. ARKOVICH, P.A.
1520 W. Cleveland St.
Tampa, Florida 33606
(813) 258-2808
Attorney for Plaintiff