## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## MIAMI DIVISION

RICHARD H. HARTMAN II,                              Case No.: 12-CV-555-T-EAJ

      Plaintiff,

vs.

ZAKHEIM & LAVRAR, P.A.,

      Defendant.                    /

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, ZAKHEIM & LAVRAR, P.A., by and through undersigned counsel files its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

1. In response to the allegations contained in the Introduction section of the Complaint, Defendant admits that Plaintiff purports to allege claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA"). Defendant denies it has violated the FDCPA or FCCPA, and denies that it is liable to Plaintiff. All other allegations are denied.

## JURISDICTION AND VENUE

2. In response to Paragraph 1 and 2 of the Complaint, Defendant admits that Plaintiff purports to allege jurisdiction within this Court. All other allegations are denied.

## PARTIES

3. Defendant is without knowledge as to the allegations contained in Paragraph 3 of the Complaint.

4. In response to Paragraph 4 of the Complaint, Defendant admits that its principal place of business is located in Plantation, Florida. All other allegations are denied.

5. In response to the allegations in Paragraphs 5, 6 and 7 of the Complaint, Defendant admits that it is sometimes construed as a "debt collector" as defined in the FDCPA. Defendant further admits that it uses the mail and telephone and admits that its business includes collecting amounts owed; but it is without knowledge as to whether the underlying amount at issue is a "debt" as defined by the FDCPA, and therefore denies all allegations that it is a "debt collector" or that it was attempting to collect a consumer "debt" from Plaintiff. All other allegations are denied.

## STATUTORY STRUCTURE FDCPA

6. In response to Paragraph 8 through 14 of the Complaint, Defendant admits that the FDCPA speaks for itself and are the best evidence of their contents. Nevertheless, the references in the statutes are irrelevant and should be stricken. All other allegations are denied.

## STATUTORY STRUCTURE FCCPA

7. In response to Paragraph 15 and 16 of the Complaint, Defendant admits that the FCCPA speaks for itself and are the best evidence of their contents. Nevertheless, the references in the statutes are irrelevant and should be stricken. All other allegations are denied.

## FACTS

8. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraphs 17 and 18 of the Complaint.

9. In response to Paragraph 19 of the Complaint, Defendant admits that it attempted to collect an amount owed to Discover Bank from a Richard Hartman. All other allegations are denied.

10. In response to Paragraphs 20, 21, and 22 of the Complaint, Defendant admits that it sent a letter to a Richard Hartman. All other allegations are denied.

11. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraphs 23 through 31 of the Complaint. Defendant admits that it attempted to contact a Richard Hartman. All other allegations are denied.

## CAUSES OF ACTION
## COUNT 1 - VIOLATIONS OF THE FDCPA

12. In response to the allegations in Paragraph 32 of the Complaint, Defendant repeats and re-alleges each and every answer given in response to the allegations contained in Paragraphs 1 through 31 of the Complaint.

13. Defendant denies the allegations contained in Paragraphs 33 and 34 of the Complaint.

## COUNT II - VIOLATIONS OF THE FCCPA

14. Defendant denies the allegations contained in Paragraphs 35, 36 and 37 of the Complaint..

## PRAYER FOR RELIEF

15. Defendant denies all allegations in the Wherefore clause, including paragraphs 1 through 5 listed therein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred or diminished because the damages alleged by Plaintiff may have been the result of superseding and/or intervening cause(s).

2. Defendant states that if it violated the FDCPA or FCCPA, which it denies, the violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error.

3. Plaintiff failed to state a claim upon which relief may be granted.

4. Plaintiff's claims are barred or diminished due to Plaintiff's failure to mitigate damages.

5. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations to the extent that the alleged violations occurred outside the 1 and 2 year limitations period of the FDCPA and FCCPA, respectively.

6. Defendant reserves the right to issue additional affirmative defenses which cannot be articulated at this time.

7. Defendant has retained the law firm of Hinshaw & Culbertson LLP to represent its interests and is obligated to pay said firm attorney's fees related to the same.

8. Defendant is entitled to the award of attorneys fees pursuant to 15 U.S.C. § 1692k and Fla. Stat. §559.77.

9. Defendant states that Plaintiff fails to state a claim pursuant to the FDCPA because the message described in the Complaint is not a communication as a matter of law and it is not otherwise violative of the FDCPA. *See e.g. Biggs v. Credit Collections, Inc*., 2007 WL4034997 (W.D. Okla., Nov. 15, 2007).

10. Plaintiff's claims are barred or diminished because Plaintiff was informed or otherwise knew that the alleged messages were from a debt collector.

WHEREFORE, Defendant, ZAKHEIM & LAVRAR, P.A., respectfully requests that this Court enter a judgment in favor of Defendant and against Plaintiff, and that this Court award costs and attorney's fees pursuant to 28 U.S.C. §§ 1920, 1927, 15 U.S.C. § 1692k, and Fla. Stat. §§ 559.77 and 57.105 in favor of Defendant, and award any other relief in favor of Defendant that this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1.  Plaintiff's claims are barred or diminished because the damages alleged by Plaintiff may have been the result of superseding and/or intervening cause(s).

2.  Defendant states that if it violated the FDCPA or FCCPA, which it denies, the violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error.

3.  Plaintiff failed to state a claim upon which relief may be granted.

4.  Plaintiff's claims are barred or diminished due to Plaintiff's failure to mitigate damages.

5.  Plaintiff's claims are barred in whole or in part by the applicable statute of limitations to the extent that the alleged violations occurred outside the 1 and 2 year limitations period of the FDCPA and FCCPA, respectively.

6.  Defendant reserves the right to issue additional affirmative defenses which cannot be articulated at this time.

7.  Defendant has retained the law firm of Hinshaw & Culbertson LLP to represent its interests and is obligated to pay said firm attorney's fees related to the same.

8.  Defendant is entitled to the award of attorneys fees pursuant to 15 U.S.C. § 1692k and Fla. Stat. §559.77.

9.  Defendant states that Plaintiff fails to state a claim pursuant to the FDCPA because the message described in the Complaint is not a communication as a matter of law and it is not otherwise violative of the FDCPA.  See e.g. Biggs v. Credit Collections, Inc., 2007 WL4034997 (W.D. Okla., Nov. 15, 2007).

10. Plaintiff's claims are barred or diminished because Plaintiff was informed or otherwise knew that the alleged messages were from a debt collector.

WHEREFORE, Defendant, ZAKHEIM & LAVRAR, P.A., respectfully requests that this Court enter a judgment in favor of Defendant and against Plaintiff, and that this Court award costs and attorney's fees pursuant to 28 U.S.C. §§ 1920, 1927, 15 U.S.C. § 1692k, and Fla. Stat. §§ 559.77 and 57.105 in favor of Defendant, and award any other relief in favor of Defendant that this Court deems just and appropriate.

Dated:   May 2, 2012.

*s/Barbara Fernandez*
Barbara Fernandez
Florida Bar No. 0493767
David P. Hartnett
Florida Bar No. 946631
bfernandez@hinshawlaw.com
dhartnett@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Boulevard
Suite 400
Coral Gables, FL   33134-6044
Telephone: 305-358-7747
Facsimile: 305-577-1063
Attorneys for Defendant ZAKHEIM & LAVRAR, P.A.

Case No.: 12-CV-555-T-EAJ

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Christie D. Arkovich, Esq.
CHRISTIE D. ARKOVICH, P.A.
1520 W. Cleveland Street
Tampa, FL  33606
Tel:  813-258-2808
Attorneys For Plaintiff

        *s/Barbara Fernandez*
        Barbara Fernandez
        Florida Bar No. 0493767
        David P. Hartnett
        Florida Bar No. 946631
        bfernandez@hinshawlaw.com
        dhartnett@hinshawlaw.com
        HINSHAW & CULBERTSON LLP
        2525 Ponce de Leon Boulevard
        Suite 400
        Coral Gables, FL   33134-6044
        Telephone: 305-358-7747
        Facsimile: 305-577-1063
        Attorneys for Defendant ZAKHEIM & LAVRAR, P.A.